PER CURIAM.

ORDER

The Secretary of Veterans Affairs moves to waive the requirements of Fed. Cir. R. 27(f) and to dismiss Fred Johnson’s appeal from Johnson v. Principi, 02-2104 (Vet. App. Nov. 16, 2004) for lack of jurisdiction. Johnson has not responded.
Johnson appealed to the United States Court of Appeals for Veterans Claims from a 2002 Board of Veterans’ Appeals (BVA) decision finding that Johnson had failed to submit new and material evidence demonstrating a service-connected psychiatric disability. The BVA acknowledged that some of the evidence was, arguably new. However, the BVA further concluded that the evidence was not material for purposes of reopening Johnson’s claim. The Court of Appeals for Veterans Claims affirmed the BVA’s decision, holding:
The record does not contain any evidence since [Johnson’s last service connection claim was denied in 1992] that would support a claim for service connection for psychiatric disability, including either schizophrenia or nervous disorder .... The Board was correct in assessing the evidence of record since the 1992 claim-denial decision, and its conclusion that none of that evidence was new and material is supported by the record and is thus not clearly erroneous.
Johnson appealed.
Under 38 U.S.C. § 7292, this court has limited jurisdiction over appeals from decisions of the Veterans Court. See Forshey v. Principi, 284 F.3d 1335, 1338 (Fed.Cir.2002) (en banc). This court “may not review (A) a challenge to a factual determination, or (B) a challenge to a law or regulation as applied to the facts of a particular case.” 38 U.S.C. § 7292(d)(2).
Johnson’s appeal does not satisfy and of the grounds for invoking this court’s jurisdiction. In his informal brief, Johnson asserts that the facts supported his claim for service connection. However, Johnson fails to assert any constitutional challenge concerning the decision on appeal, and he raises no issue concerning the validity or interpretation of a statute or regulation. The Court of Appeals for Veterans Claims’ findings and review of the BVA’s determination that the evidence submitted was not new and material is not within our jurisdiction. In these circumstances, this court lacks jurisdiction to review Johnson’s appeal. See 38 U.S.C. § 7292(d).
Accordingly,
*368 IT IS ORDERED THAT:
(1) The Secretary’s motion to waive the requirements of Fed. Cir. R. 27(f) is granted.
(2) The Secretary’s motion to dismiss is granted.
(3) Each side shall bear its own costs.